**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **CRIMINAL NO. 21-CR-273** |
| : | |
| **JOSEPH CANDIDI,** : | |
| : | |
| Defendant. : | |

**MEMORANDUM**

**KENNEY, J.**                                                              **FEBRUARY 6, 2025**

Defendant Joseph Candidi was sentenced to 120 months imprisonment and ten years of supervised release on February 7, 2023, following a B-plea agreement in which he pled guilty to one count of possessing child pornography. ECF No. 36. At the time of sentencing, Candidi suffered from stomach ailments, high blood pressure, and depression. ECF No. 54 at 4. The Honorable Gene E.K. Pratter, who was assigned to the case at the time, took Candidi's health conditions into consideration upon imposing his sentence.[1] *Id.* at 4-5. He is currently incarcerated at FCI Danbury, with a minimum release date of December 1, 2029. *Id.* at 5.

Candidi now moves to modify the terms of his imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Compassionate Release" statute), citing his advanced age, medical conditions, and risk of contracting COVID-19.[2] ECF No. 51. Candidi's motion is denied for the reasons stated below.

---

[1] This case was reassigned to the Honorable Chad F. Kenney on November 21, 2024. *See* ECF No. 52.
[2] 18 U.S.C. § 3582(c)(1)(A) authorizes defendants to file a motion for compassionate release after exhausting the Bureau of Prisons' administrative processes. The parties agree that Candidi appropriately exhausted this process. *See* ECF No. 51 at 1; ECF No. 54 at 5.

## I. LEGAL STANDARD

Under § 3582(c)(1)(A), a court may grant compassionate release if "extraordinary and compelling reasons" warrant a reduction in sentence and if the traditional sentencing factors under 18 U.S.C. § 3553(a) support such a reduction. For defendants with serious health issues and no expectation of recovery, the U.S. Sentencing Guidelines provide that "extraordinary and compelling reasons" for compassionate may arise when those health issues substantially diminish a defendant's ability to care for themselves in prison. U.S.S.G. § 1B1.13(b)(1)(B). In addition, if a defendant's medical condition requires specialized or long-term care that the prison is not providing, and without which the defendant faces serious deterioration of health or death, compassionate release may be warranted. § 1B1.13(b)(1)(C). Finally, a defendant's advanced age (over 65) may warrant compassionate release if the defendant has served at least 10 years or 75 percent of their sentence (whichever is less) and is experiencing a serious deterioration in physical or mental health due to aging. § 1B1.13(b)(2).

Even if a defendant presents extraordinary and compelling reasons for compassionate release, the court must also weigh the § 3553(a) sentencing factors to determine if early release is warranted. § 3582(c)(1)(A). Those factors are:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed —
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . [and]
> (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

§ 3553(a).

A defendant bears the burden of proving by a preponderance of the evidence that the requested relief is warranted. *United States v. Victorino*, 2023 WL 4851418, at *3 (E.D. Pa. July 28, 2023).

## II.   DISCUSSION

Candidi's motion for immediate release is denied because he fails to satisfy his burden of proving "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A). Candidi states that (1) his depression and other medical ailments (obesity, hypertension, hyperlipidemia, severe GERD, high blood pressure, high cholesterol, and water retention), (2) advanced age, and (3) high risk of serious disease or imminent death from COVID-19 entitle him to compassionate release. ECF No. 51. Each of these reasons will be addressed in turn.

### A.   Relief is not warranted on medical grounds

According to recent prison medical records, Candidi was diagnosed with anxiety and depression in 1995. ECF No. 55 at 7. He takes medication for these conditions and "states that he is doing well on current dosage" and "is aware of available support services via psychology and social services." *Id.* In August 2024, at a health visit with a prison physician, he reported that "the current medication has been beneficial" and "voic[ed] no concerns today." *Id.* at 20. In 2023, he "report[ed] feeling stable on current [depression] medication and request[ed] to continue with the same." *Id.* at 25. Candidi also suffers from hypertension, gastrointestinal pain, hyperlipidemia, arthritis, mild obesity, hip pain, vision loss, and other various maladies. These conditions, while serious, do not amount to terminal illnesses that cannot be managed in prison. *See United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) ("[O]besity and hypertension fall short of presenting an extraordinary and compelling reason for . . . release."). Further, Candidi's prison medical records indicate that the prison provides Candidi with regular health consultations,

treatments, and lab work for his health conditions and that his medications are up to date. *See, e.g.*, ECF No. 55 at 7-13.

Candidi's medical records also show that he can exercise self-care in prison and that the prison's medical providers view Candidi as having a measurable degree of agency to manage his own well-being. For example, Candidi's doctor has counseled him to "avoid sweets and carbohydrates," *id.* at 2, and Candidi reported at a recent health appointment that he "avoid[s] commissary foods," *id.* at 7. His doctor has also provided Candidi with information on "self-guided hip exercises" so that he can proactively manage his hip condition. *Id.* at 8. In addition, prison medical providers have reviewed with Candidi "methods for reducing potential vision loss," such as "blood pressure control/cholesterol management/routine exercise & appropriate diet." *Id.* at 18. These records show that in addition to receiving regular medical attention at the prison, Candidi can engage in his own self-care to manage symptoms and mitigate against further decline.

### B. Relief is not warranted on the basis of age

Candidi is 65 years old, but he does not meet the remaining statutory elements that may warrant compassionate release on account of age. That is, he has neither served at least 10 years or 75 percent (7.5 years), whichever is less, of his sentence, nor is there evidence that the aging process is causing a serious deterioration in his physical or mental health. Accordingly, Candidi's advanced age is not grounds for compassionate release.

### C. Relief is not warranted on the basis of risk from COVID-19

Candidi also asserts that he is at higher risk for developing COVID-19, resulting in serious disease or imminent death, because of his age and medical conditions. ECF No. 51 at 3. Ever since the onset of the pandemic in 2020, the Third Circuit has made clear that "'the mere existence of COVID-19 in society . . . cannot independently justify compassionate release[.]' [S]uch a claim is

4

unlikely to succeed in the current state of milder infections and fewer hospitalizations and deaths." *United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Further, while Candidi's age and health conditions may in fact place him at a higher risk for COVID-19, he has "not provided any data suggesting that he is at greater risk of a dire outcome inside prison than he would be outside—and if he would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1071-72 (7th Cir. 2023) (Easterbrook, J.). That is, Candidi has not shown how remaining at FCI Danbury, which currently has only one open COVID case, exposes him to a greater risk of serious disease or imminent death.[3] Moreover, as discussed *supra*, Candidi's medical records reveal that he is receiving regular and appropriate care for his conditions at the prison.

Finally, it is noteworthy that despite his concern for his health conditions, Candidi has refused to receive a COVID-19 vaccination for religious reasons. While remaining unvaccinated is his choice to make, this Court, like other district courts, will not reward that choice with compassionate release. *See United States v. Thomas*, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) ("District Courts routinely deny compassionate release to inmates who refuse the COVID-19 vaccine because they have voluntarily failed to mitigate the very health concerns they identify in support of an early release.").

In sum, the Court does not view Candidi's health conditions, age, or risk from COVID-19 as presenting "extraordinary and compelling reasons" to grant compassionate release under § 3582(c)(1)(A)(i).

---

[3] For BOP COVID-19 statistics, *see* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#latestCoviddata.

### III.  Candidi's claim also fails under the traditional § 3553(a) sentencing factors

Even if the reasons put forward by Candidi qualified as "extraordinary and compelling reasons" for compassionate release (which they do not), a reduction would not be justified upon reexamination of the § 3553(a) sentencing factors. In the Third Circuit, even where a petitioner has presented "extraordinary and compelling reasons" for compassionate release, courts have nevertheless denied motions for compassionate release if the petitioner presents a danger to the community, or where a sentence reduction would discourage respect for the law. *See United States v. Bullock*, 833 F. App'x 934, 935 (3d Cir. 2021) (affirming district court's denial of Bullock's motion for compassionate release from prison, despite his numerous health issues, because of his violent criminal history); *see also United States v. Doe*, 833 F. App'x 366, 368 (3d Cir. 2020) (affirming district court's denial of a convicted sex trafficker's motion for compassionate release under the §3553(a) factors because he remained a danger to the community).

Similar to *Bullock and Doe*, the severity and abhorrent nature of Candidi's offense and extensive criminal history weigh against his release. Leading up to Candidi's arrest, the FBI conducted an extensive investigation of his Gmail account and cell phone, which revealed hundreds of images of prepubescent children, including toddlers, engaging in sexual activities with adults and other children. Presentence Investigation Report at 5-7. These images of sexually abused children have been traded over the internet worldwide. *Id.* at 7. Prior to his offenses here, Candidi was convicted in 2000 of indecent assault of his own six-year-old daughter. *Id.* at 10. He was also convicted in 2012 of stealing over $10,000 from his employer, Harrah's Chester Downs Casino and Racetrack. *Id.* at 11.

Candidi asserts that he is not a violent person and does not pose any danger to the public. Yet, his longstanding history of exploiting and abusing children indicates otherwise, raising the

specter of a repeat offense. Accordingly, despite Candidi's arguments that those guilty of "non-production child pornography offenses" have among the lowest rates of reoffending, the Court is not convinced that under the circumstances here, Candidi's advanced age necessarily correlates with a lower rate of recidivism. ECF No. 51 at 5. All that is needed to reoffend is an internet connection, a threshold easily surmountable regardless of one's age or health conditions. In sum, even if Candidi had presented "extraordinary and compelling reasons" for compassionate release, he has failed to demonstrate how releasing him just four years into a ten-year sentence for possessing child pornography reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Thus, his claim fails under the § 3553(a) sentencing factors.

## IV.   CONCLUSION

Candidi has not presented "extraordinary and compelling reasons" to reduce his sentence under compassionate release, as required by § 3582(c)(1)(A). Nor do the § 3553(a) sentencing factors weigh in favor of his early release. The Court therefore denies Candidi's motion to modify the term of his imprisonment. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**